# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUANJA EDWARD ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>LCSW LOPEZ; and DR. MOVSESYAN,<br><br>Defendants. | Case No. 2:22-cv-08658-SPG (BFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

On June 20, 2025, Defendants G. Lopez and H. Movsesyan ("Defendants") filed a Motion for Summary Judgment. *See* (ECF No. 55 ("Motion")). On September 30, 2025, Magistrate Judge Brianna Mircheff issued a Report and Recommendation, recommending that the Court deny the Motion. *See* (ECF No. 66 ("Report")). Thereafter, Judge Mircheff stayed the deadline for Defendants to file an objection to the Report so as to permit the parties to pursue a potential settlement. *See* (ECF No. 72). The parties were unable to reach an agreement, *see* (ECF No. 80), and, on December 19, 2025, Judge Mircheff issued a further order directing Defendants to submit objections to the Report on or before January 21, 2026, *see* (ECF No. 83). On January 21, 2026, Defendants submitted their objections to the Court. *See* (ECF No. 84 ("Objections")). The Objections are now fully briefed. Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the summary judgment

record, Judge Mircheff's Report, and Defendants' Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made. For the reasons set out below, the Court ACCEPTS and ADOPTS the Report and DENIES the Objections.

Plaintiff Tuanja Edward Anderson ("Plaintiff") is incarcerated at California State Prison, Los Angeles County. *See* (ECF No. 1 ("Complaint") at 5). In the Complaint, Plaintiff asserts an Eighth Amendment claim against Defendants for deliberate indifference to his medical needs, based on an incident in which Plaintiff spoke with Defendants and told them he felt suicidal, Defendants sent him back to his cell, and he attempted to commit suicide. *See* (*id.* at 5). The Report recommends denying Defendants' Motion for Summary Judgment. *See generally* (Report). In the Report, Judge Mircheff concludes that the evidence in the summary judgment record is sufficient to create a material dispute of fact precluding summary judgment. *See* (*id.* at 12–19). Specifically, Judge Mircheff found that a reasonable jury could find that Plaintiff had a serious medical need for treatment and Defendants acted with deliberate indifference in denying Plaintiff treatment. *See* (*id.*). Judge Mircheff further determined that Defendants are not entitled to qualified immunity because, under Plaintiff's version of events, Defendants' conduct violated clearly established law. *See* (*id.* at 19–20).

In their Objections, Defendants raise three arguments. First, Defendants claim that there is no evidence sufficient to create a genuine dispute of material fact as to whether Defendants' treatment was medically acceptable under the circumstances. *See* (Objections at 11–12). Second, Defendants argue that Judge Mircheff erred in concluding that a reasonable jury could find that Dr. Movsesyan subjectively concluded Plaintiff was at a substantial risk of self-harm. *See* (Objections at 7–11).[1] Third, Defendants argue that

---

[1] In the Objections, Defendants claim that no reasonable jury "could find that Dr. Movsesyan or Social Worker Lopez subjectively concluded that Plaintiff was at a substantial risk of self-harm." (*Id.* at 7). However, the Objections do not specifically challenge Judge Mircheff's conclusion as to Lopez. *See generally* (*id.* at 7–11). In the Report, Judge Mircheff concluded that there was similar evidence as to Lopez and

Judge Mircheff should have determined that they are entitled to qualified immunity. *See* (*id.* at 12–15). The Court will address each argument in turn.

First, the Court agrees that there is a triable issue of fact whether the deprivation at issue was sufficiently serious to constitute cruel and unusual punishment. *See* (Report at 12–14). Defendants were aware Plaintiff had repeatedly attempted suicide, including through one suicide attempt that medical professionals determined to demonstrate Plaintiff's intent to die, several other attempts with an "unknown" intent, and through methods that medical professionals determined had the potential to be lethal. *See* (ECF No. 60-3 at Movsesyan 002–004). In his conversation with Defendants, Plaintiff said that he was experiencing suicidal ideation and "was going to try to kill [himself]" when he "got back to [his] cell." (ECF No. 55-3, Ex. A, at 46:24–1, 50:15–19). In response, Defendants sent Plaintiff back to his cell without further medical intervention. *See* (ECF No. 60-3 at Movsesyan 007). Plaintiff then attempted suicide. *See* (ECF No. 55-3, Ex. A, at 61:3–14, 93:10–24). A reasonable jury, viewing the evidence in the light most favorable to Plaintiff, could interpret Defendants' actions as "a refusal to provide treatment" in the face of a serious medical need. *See Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir. 1971) ("Failure or refusal to provide medical care may violate the Fourteenth Amendment . . . under exceptional circumstances that approach failure to provide care at all."); *see also Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010) ("A heightened suicide risk or an

---

Movsesyan, except insofar as Lopez argued that he did not make the decision with respect to Plaintiff's placement. *See* (Report at 18). Judge Mircheff then found that the evidence was sufficient to create a material dispute of fact whether Lopez knew and acquiesced in the conduct at issue. *See* (*id.* at 19). Based on Defendants' failure to specifically dispute Judge Mircheff's findings as to Lopez, the Court infers that Defendants' argument as to the evidence of Lopez's subjective indifference rises and falls with their argument as to the evidence of Dr. Movsesyan's subjective indifference.

attempted suicide is a serious medical need."), *vacated on other grounds* 563 U.S. 915 (2011), *reinstated in relevant part* 658 F.3d 897 (9th Cir. 2011).

Second, the Court agrees that there is sufficient evidence to create a material dispute of fact as to whether Dr. Movsesyan was subjectively aware of Plaintiff's serious medical need and failed to adequately respond. *See* (Report at 14–18); *see also Conn*, 591 F.3d at 1096. In the Objections, Defendants argue that there is no genuine dispute that Dr. Movsesyan "actually subjectively concluded that Plaintiff was a 'low suicide risk' based on his in-person observations and on his knowledge of Plaintiff's medical history." (Objections at 8). In support, Defendants refer the Court to Judge Mircheff's finding that Dr. Movsesyan "documented his subjective conclusions that Plaintiff appeared conscious and alert, that he did not appear to be upset, and that his concerns were resolved after the assessment." (*Id.*). However, in assessing whether a defendant acted with subjective indifference, the Court cannot simply credit a defendant's "assertions as to their own state of mind." *Conn*, 591 F.3d at 1097. Instead, a defendant's mental state presents a "question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer v. Brennan*, 511 U.S. 825, 42 (1994). On the evidence presented, the Court agrees that a reasonable jury could conclude that Dr. Movsesyan acted with subjective indifference to Plaintiff's medical need, based on Dr. Movsesyan's knowledge of Plaintiff's prior suicide attempts and Plaintiff's statement to Dr. Movsesyan that he intended to attempt suicide after the end of their conversation. *See* (ECF No. 55-3, Ex. A, at 50:12–19; ECF No. 60-3 at Movsesyan 002–004)).

Third, the Court agrees that Defendants are not entitled to summary judgment based upon a finding of qualified immunity. As noted, there is sufficient evidence to create a triable issue of fact whether Defendants denied Plaintiff adequate medical care in response to a credible statement that Plaintiff planned to attempt suicide. At the time of the events in question, the Ninth Circuit had already determined that "[a] single decision by a mental health professional to discontinue suicide precautions despite a known risk can establish deliberate indifference." *Campbell v. Herrera*, 2025 WL 1525311, at *2 (9th Cir. May 29,

2025).  In the Objections, Defendants argue that *Campbell* is inapplicable because "there is no dispute that Defendants did not subjectively conclude that Plaintiff was at a substantial risk of suicide, and Plaintiff identifies no evidence to suggest that Defendants' treatment was based on any other consideration beyond their unbiased clinical judgment." (Objections at 13).  However, as discussed above, there is a triable issue of fact as to whether Defendants were subjectively aware that Plaintiff may attempt to commit suicide after their conversation but nevertheless failed to provide Plaintiff with medical treatment.

Thus, for the foregoing reasons, the Courts ORDERS that:

1.     The Report is ACCEPTED and ADOPTED in its entirety.

2.     Defendants' Motion is DENIED.

3.     Plaintiff's request for sanctions, an award of punitive damages, and an order ruling that his deposition transcript is inadmissible, as set out in his brief in opposition to the Motion, *see* (ECF No. 63), is DENIED.

4.     This matter is REFERRED back to Judge Mircheff for further proceedings consistent with this order.

DATED:  March 18, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE